JUSTICE MORRIS
dissents.
¶140 This Court determined that Beach could petition for post-conviction relief, even though such relief was otherwise time-barred, if he could produce new evidence of actual innocence. Beach, ¶ 51. We remanded the case to the District Court to conduct an evidentiary hearing. The District Court applied the standards and procedures set forth in Beach. The District Court determined that Beach’s witnesses *224 at the hearing offered new evidence that demonstrated Beach’s actual innocence and granted Beach a new trial.
¶141 We set forth the procedures and standards by which the District Court should evaluate Beach’s new evidence in light of his effort to obtain a new post-conviction relief hearing or to be found actually innocent. Beach, ¶ 51. These procedures serve as law of the case. This Court has long recognized that when the Court “states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case.” Fiscus v. Beartooth Elec. Coop., 180 Mont. 434, 437, 591 P.2d 196, 197 (1979); see also,Federated Mut. Ins. Co. v. Anderson, 1999 MT 288, ¶ 60, 297 Mont. 33, 991 P.2d 915. The law of the case “must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal” even if the Court “may be clearly of opinion that the former decision is erroneous.” Fiscus, 180 Mont. at 437, 591 P.2d at 197-98.
¶142 The District Court found the testimony of each of Beach’s witnesses to be credible and believable. The District Court observed the demeanor of each witness presented by Beach. The District Court carefully detailed what it found credible about each witness. The District Court considered the fact that most witnesses had no connection to the town of Poplar, Beach, or Nees, and accordingly, had no motive to lie. The District Court, as the trier of fact, sits in a better position to observe the witnesses and determine credibility than this Court. State v. Finley, 2011 MT 89, ¶ 31, 360 Mont. 173, 252 P.3d 199; Double AA Corp. v. Newland & Co., 273 Mont. 486, 494, 905 P.2d 138, 142 (1995). The District Court has presided over at least 35 criminal trials and has experience gauging the credibility of witnesses. I cannot say from this vantage point that the District Court’s determination regarding the witnesses’ credibility and believability rises to the level of clearly erroneous. Clark, ¶ 39.
¶143 The District Court next weighed the evidence that the State presented at Beach’s original trial against Beach’s new evidence to determine whether Beach had demonstrated that no reasonable juror would find Beach guilty beyond a reasonable doubt. Beach, ¶ 48, Schlup, 513 U.S. at 331-32, 115 S. Ct. at 869. The Court concludes that the District Court ignored the evidence that the State had presented against Beach in the 1984 trial. ¶ 21. The District Court specifically addressed this concern, however, in its order on the State’s motion for stay. The District Court stated, “[i]t is [Beach’s] confession that constitutes the entirety of the State’s argument. That confession was considered by this court in its Order.”
*225 ¶144 Beach’s confession constituted “the focal point of this whole inquiry.” Concurring Opinion, ¶ 85. The State conceded at Beach’s trial that no reliable physical evidence retrieved from the crime scene tied Beach to the murder. Concurring Opinion, ¶ 83. The District Court’s statement that it had compared the evidence at the hearing against Beach’s confession indicates that the District Court properly weighed the State’s evidence from Beach’s 1984 trial against the new evidence presented at the hearing. Beach, ¶ 48; Schlup, 513 U.S. at 331-32, 115 S. Ct. at 869.
¶145 The court’s weighing of the evidence led it to conclude that no need existed for Beach to have a new post-conviction relief hearing based on the fact that Beach had demonstrated his free standing actual innocence claim by meeting the higher burden of persuasion. Beach, ¶¶ 44-45; Schlup, 513 U.S. at 315, 115 S. Ct. at 861. The District Court concluded, “[n]o reasonable juror, properly instructed, could have combined that testimony [of Ms. Eagle-Boy] with the testimony of Ms. White Eagle-Johnson, Ms. Smith and Ms. Molar and not had reasonable doubt whether Mr. Beach committed the murder.” The District Court followed this Court’s instructions on remand from Beach, ¶ 51.
¶146 This ruling marks what likely will be the final chapter in the saga of Barry Beach. We oversee a criminal justice system that seeks to resolve a defendant’s guilt through processes created and administered by humans. Humans, by nature, are fallible and the processes that humans create share this same fallibility. The system requires that we make the final judgment on the District Court’s ruling. Justice Jackson, in a different era and a different context, described the United States Supreme Court’s role in reviewing the decisions of a state court: “[w]e are not final because we are infallible, but we are infallible only because we are final.” Brown v. Allen, 344 U.S. 443, 540, 73 S. Ct. 397, 427 (1953) (Jackson, J., concurring). The District Court scrupulously attempted to comply with its mandate from this Court to consider Beach’s alleged new evidence. Beach, ¶ 51. I cannot say that the District Court’s rulings rise to the level of abuse of discretion, Beach, ¶ 14, and, accordingly would affirm the order of the District Court.
JUSTICE COTTER and JUSTICE WHEAT join the Dissent of JUSTICE MORRIS.